IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELENA RENZE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-700 |
| ) | |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JOHN LONGO, *et al*. ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

### I. MEMORANDUM

Pending before the Court are Motions to Dismiss filed by Defendant Pennsylvania Turnpike Commission ("Defendant Turnpike") (**Doc. 17**) and Defendant John Longo ("Defendant Longo") (**Doc. 19**), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant Turnpike's Motion to Dismiss (**Doc. 17**) will be GRANTED and Defendant Longo's Motion to Dismiss (**Doc. 19**) will be DENIED.

### A. BACKGROUND[1]

Defendant Pennsylvania Turnpike Commission ("Defendant Turnpike") employed Plaintiff Elena Renze ("Plaintiff")'s mother at its Harrison City Maintenance Facility. (Amended Complaint (Doc. 11) ¶ 9). Defendant Longo also worked for Defendant Turnpike at the Harrison City Maintenance Facility, and, for a period of time, was Plaintiff's mother's immediate

---

[1] The following background facts are taken from Plaintiff's Amended Complaint (Doc. 11). Because the case is presently before this Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the Amended Complaint and all reasonable inferences that can be drawn therefrom. See <u>Rocks v. City of Philadelphia</u>, 868 F.2d 644, 645 (3d Cir. 1989). In addition, the Court views all well pled factual averments and reasonable inferences in the light most favorable to the non-moving party. <u>Id.</u>

1

supervisor. (Id. ¶ 9). Plaintiff alleges that Defendant Longo "created a hostile work environment for Plaintiff's mother at Defendant Turnpike." (Id. ¶ 10). Specifically, Plaintiff alleges that "Defendant Longo was controlling and aggressive toward Plaintiff's mother, and took actions including threatening her with physical violence, including rape and murder, and termination if he saw her speaking to other men at Defendant Turnpike." (Id. ¶ 10). Plaintiff claims that, as a result of this harassment, Plaintiff's mother "worked in fear of Defendant Longo and always followed his directives to ensure her physical safety and continued employment with Defendant Turnpike." (Id. ¶ 11). Among other things, Defendant Longo used his power as a supervisor to pressure Plaintiff's mother to bring Plaintiff (then a minor) to the Harrison City Maintenance Facility after he saw a picture of Plaintiff at Plaintiff's mother's work station. (Id. ¶ 12).

On or about November 12, 2010, Plaintiff's mother brought Plaintiff to Defendant Turnpike's Harrison City Maintenance Facility. (Id. ¶ 13). At that time, Plaintiff was 12 years old. (Id.). Plaintiff's mother continued to bring Plaintiff to the Harrison City Maintenance Facility on a regular basis for months after this initial visit. (Id. ¶ 14). During Plaintiff's visits, Defendant Longo inappropriately touched Plaintiff without her consent. (Id. ¶ 15). Specifically, Plaintiff alleges that:

- On multiple occasions, Defendant Longo forcibly held Plaintiff upside down and tickled her, such that her shirt would slide down around her head so that her chest and stomach were exposed. (Id. ¶ 18).

- Defendant Longo held Plaintiff on his knee and forcibly rubbed Plaintiff's genitals against his leg several different times. (Id. ¶ 19).

- Defendant Longo forced Plaintiff to allow him to perform numerous unwanted foot massages by touching her feet in a sexual manner. (Id. ¶ 20).

Defendant Longo engaged in the above conduct during regular workday hours, and while Plaintiff's mother was absent. (Id. ¶¶ 16-17). Plaintiff asserts that Defendant Longo should have known that such contact was not permitted and that Plaintiff did not consent to the touching. (Id.

2

¶ 21). Plaintiff alleges that she suffered, and continues to suffer, injuries as a result of Longo's unwanted touching, including mental anguish, emotional distress and physical injury. (Id. ¶¶ 22-23).

According to Plaintiff, "[o]ther employees of Defendant Turnpike were aware of Defendant Longo's sexual behavior towards Plaintiff. On at least one occasion, another employee of Defendant Turnpike observed Defendant Longo forcibly press Plaintiff onto his knee and grind her genitals against his leg." (Id. ¶ 24). Plaintiff avers that "[a]s a result of the aforementioned incidents, Plaintiff believes, and therefore avers, that Defendant Turnpike was aware of Defendant Longo's unlawful conduct." (Id. ¶ 25). Plaintiff further avers that "Defendant Turnpike was aware, or should have been aware, of Defendant Longo's unlawful conduct as a result of Defendant Longo's use of his supervisory authority to permit Plaintiff, a minor, frequent access to Defendant Turnpike's premises for no legitimate reason" and "because of the frequency of Plaintiff's visits to Defendant Turnpike's Harrison City Maintenance Facility." (Id. ¶¶ 27-28). Plaintiff asserts that "Defendant Turnpike remained deliberately indifferent as to Plaintiff's repeated sexual assaults by its supervisor, Defendant Longo." (Id. ¶ 29). Plaintiff also claims that "Defendant Turnpike failed to properly train, control, discipline and/or supervise its agent, Defendant Longo." (Id. ¶ 33).

In April 2011, Defendant Longo was arrested on charges of child pornography. (Id. ¶ 30). On or about August 28, 2014, Defendant Longo pled guilty to violating 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) and 18 U.S.C. § 2(a), that is, one count of aiding, abetting, inducing and procuring another adult to produce material depicting the sexual exploitation of a minor. (Id. ¶ 31). Plaintiff was identified as the minor child depicted in the material possessed and distributed by Defendant Longo. (Id.).

**B. ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

**1. Claims against Defendant Turnpike**

In Count I of the Amended Complaint, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 against both Defendant Turnpike and Defendant Longo based on Defendant Longo's alleged sexual assaults on Plaintiff. (Doc. 11 at ¶¶ 37-35). In Count II, Plaintiff asserts a § 1983 claim against Defendant Turnpike only, claiming that "Defendant Turnpike, through its agents, officers, and/or employees, was aware of Defendant Longo's unlawful actions," and that "Defendant Turnpike, through its agents, officers, and/or employees, has a duty to properly train, control, discipline and/or supervise its agents," which it failed to do here. (Doc. 11 at ¶¶ 50-52).

Under Monell v. Department of Social Services, 436 U.S. 658, 691 (1958), local governmental agencies such as Defendant Turnpike may not be held liable under § 1983 solely on a theory of respondeat superior. Rather, liability must be premised upon a showing that the constitutional injury resulted from the implementation or execution of the agency's official policies, practices or customs. Id. at 694, 707-08. As the Monell Court explained:

> [A] local government may not be sued under section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

4

Monell, 436 U.S. at 694; see also Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991). Thus, to prevail in her claim against Defendant Turnpike, Plaintiff must show either that a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issue[d] an official proclamation, policy, or edict" or that there is a "custom" which, though not authorized by law, is "so permanent and well-settled" as to virtually constitute law. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996) (quoting Andrews v. City of Philadelphia, 895 F.3d 1469, 1480 (3d Cir. 1990)). Plaintiff must also allege a direct link between the agency policy or well-settled custom and the violation of her constitutional rights. Bd. of County Commissioners v. Brown, 520 U.S. 397, 404-05 (1997). Finally, a valid Monell claim must show deliberate indifference on the part of the government agency to the alleged unconstitutional conduct. See Black by Black v. Indiana Area School Dist., 985 F .2d 707, 712 (3d Cir. 1993). With respect to deliberate indifference, "'something more culpable [must be shown] than a negligent failure to recognize [a] high risk of harm' to plaintiff[]." Id. at 712-13 (quoting Colburn v. Upper Darby, 946 F.2d 1017, 1025 (3d Cir.1991)).

In its Motion to Dismiss, Defendant Turnpike contends that Plaintiff has not alleged any facts to suggest that it had a policy or well-settled custom resulting in the constitutional violations alleged here. The Court agrees. First, apart from her conclusory assertions, Plaintiff alleges no facts suggesting that Defendant Turnpike's policy-makers had actual knowledge of Defendant Longo's assaults on Plaintiff. Although Plaintiff alleges that Defendant Longo was her mother's supervisor, she does not allege that he was in a policy-making position. (Doc. 11 ¶ 9). Furthermore, although the Amended Complaint states that unidentified "other employees" of the Turnpike were aware of Defendant Longo's sexual behavior towards the Plaintiff, there is no allegation that those "other employees" were in policy-making positions or that they

communicated their observations to anyone in policy-making positions. (Id. at ¶ 24-25). Likewise, Plaintiff's allegation that Defendant Turnpike "should have known" that Defendant Longo was assaulting her based on her "frequent" visits to the Harrison City Maintenance Facility does not give rise to liability under Monell. See Kline v. Mansfield, 255 Fed. Appx. 624, 629 (3d Cir. 2007) (finding no liability when "the record in this case did not show that the school officials had notice of any sexual misconduct"); K.K. v. Weeks, 2007 WL 1455888, at *23 (M.D. Pa. May 15, 2007) ("Plaintiffs' failure to produce evidence showing concealment, encouragement, acceptance or even any awareness of sexual abuse against [abused students] . . . prohibits Plaintiffs from proceeding on their Monell [municipal liability] claim").

Furthermore, even if Plaintiff had alleged facts showing that Defendant Turnpike had actual knowledge of the assaults, she still would not have stated a viable Monell action. Plaintiff does not contend that Defendant Turnpike has a longstanding policy or practice of disregarding allegations of sexual abuse against minors. Indeed, one would presume that Defendant Turnpike, which operates and maintains a toll road, is not regularly confronted with situations where alleged sexual abuse of minors has occurred or is likely to occur. Rather, Plaintiff seems to suggest that Defendant Turnpike should be liable here based solely on its failure to stop Defendant Longo's alleged assaults on Plaintiff. However, "as a general rule, an isolated incident, however unfortunate, does not demonstrate evidence of [an agency's] persistent and widespread policy and will not be considered so pervasive as to be a custom or practice." Thomas v. Bd. of Educ. of Brandywine Sch. Sch. Dist., 759 F. Supp. 2d 477, 492 (D. Del. 2010); Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000) (holding that failing to adequately supervise, monitor, or train employees "can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations"). Furthermore, as the Court of Appeals for

the Third Circuit has held, "[t]he mere failure of supervisory officials to act or investigate cannot be the basis of liability." Stoneking v. Bradford Area School District, 882 F.2d 720, 730 (3d Cir. 1989).

In short, although the Court is sympathetic to Plaintiff, and appalled by the facts of this case, Plaintiff has alleged no facts showing that Defendant Turnpike knew of – let alone was deliberately indifferent to – Defendant Longo's alleged sexual assaults on Plaintiff. For this reason, the Court will dismiss Plaintiff's claims against the Defendant Turnpike, without prejudice to Plaintiff filing a Second Amended Complaint.[2]

**2. Claims Against Defendant Longo**

    a. Count I: Plaintiff's § 1983 Claim Against Defendant Longo

As noted, Count I of the Amended Complaint asserts a § 1983 claim against Defendant Longo based on his sexual assaults on Plaintiff. In his Motion to Dismiss, Longo contends that Plaintiff has failed to allege that he was acting "under color of state law" when he sexually assaulted her, and thus argues that her § 1983 claim should be dismissed.

In order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the

---

[2] Given that Plaintiff already once has amended her pleadings, she must be prepared to make a last, best effort to state a viable claim against Defendant Turnpike in a Second Amended Complaint, as the Court will not afford further opportunity for amendment. See Taylor v. Pilewski, 2008 WL 4861446, *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed); Houser v. Postmaster Gen. of U.S., 573 F. App'x 141 (3d Cir. 2014) (affirming the Court's dismissal of a plaintiff's second amended complaint with prejudice, where the Court found that "[i]t [] would be inequitable to require Defendant, who already once has exhaustively and successfully defended Plaintiff's grievances, to respond to a continuous stream of formal and informal attempted amendments").

7

defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Typically, state employment is sufficient to render a person a state actor. Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997). However, every act of an on-duty state employee is not state action for purposes of § 1983. Id. "For instance, a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law." Id. (citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3d Cir.1995) ("It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state."). On the other hand, if an off-duty police officer flashes a badge or otherwise purports to act with official authority, he is generally found to act under color of state law. See id. "Thus, the essence of § 1983's 'color of law' requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state." Id. (holding that a sergeant who made unwanted sexual advances toward a subordinate was a state actor despite the fact that the sergeant had no authority to hire, fire or make any employment decisions regarding the subordinate, and that the sexual harassment was motivated by personal goals).

Here, there is no doubt that Defendant Longo was acting solely for his own purposes in assaulting Plaintiff. As both Defendants argue, Longo's alleged assaults on Plaintiff were not part of his job description nor conduct which in any way furthers the interests of Defendant Turnpike. Nevertheless, Plaintiff specifically alleges in the Amended Complaint that Defendant Longo wrongfully used his authority as a supervisor of a state agency to create the opportunity for, and to facilitate, the sexual assault on Plaintiff. That is, according to Plaintiff, Defendant

Longo "utilized the power that he held as a supervisor and pressured Plaintiff's mother to bring Plaintiff to the Harrison City Maintenance Facility after seeing a picture of Plaintiff at Plaintiff's mother's work station." (Doc. 11 at ¶ 12; see also id. at ¶ 10 (alleging that Defendant Longo "created a hostile work environment for Plaintiff's mother," by "threatening her with physical violence, including rape and murder, and termination")). Thus, Plaintiff adequately alleges that Defendant Longo "abused a power or position granted by the state" to gain access to his victim. Bonenberger, 132 F.3d at 24.[3] Furthermore, Plaintiff alleges that each incident of sexual assault occurred during Defendant Longo's regular work hours.[4] (Id. at ¶ 16). For these reasons, the Court finds that Plaintiff has pled sufficient facts to show that Defendant Longo acted under the

---

[3] Compare Pokalsky v. Se. Pennsylvania Transp. Auth., 2002 WL 1998175, at *3 (E.D. Pa. Aug. 28, 2002) (finding that a defendant paratransit driver "was only able to commit the rape [of plaintiff] by using his authority of state law to cause [plaintiff] to board and remain aboard the paratransit vehicle") with K.K. ex rel. Knowles v. Weeks, 2007 WL 2782273, at *6 (M.D. Pa. Sept. 21, 2007) (holding that plaintiff students did not "present evidence showing that [defendant] exploited his position as a custodian to engage in the purported abuse"); see also Rogers v. City of Little Rock, 152 F.3d 790, 798 (8th Cir.1998) (holding that an officer had acted under color of law where he coerced a woman to have sex with him by relying "on his authority as a police officer to facilitate the assault" because "[h]e stopped [her] for a broken tail light, raised the prospect of towing her car when she did not have the insurance papers, and later after going to her home said that she owed him a favor in exchange for letting her go"); Smith v. Cochran, 216 F. Supp. 2d 1286, 1294–95 (N.D. Okla. 2001) (holding that plaintiff prison inmate had satisfied § 1983's under color of law requirement where the defendant guard "still used his authority, with the required nexus to the state to carry out his plan of coercive sexual rendezvous and violated [plaintiff's] civil rights" because "[w]ithout his cloak of state authority, [defendant] could not have performed the alleged sexual assaults" (citation and internal quotation marks omitted)), aff'd, 339 F.3d 1205 (10th Cir. 2003).

[4] Compare Thomas v. Thomas, 529 F. App'x 181 (3d Cir. 2013) (on-duty state trooper was acting in his capacity as a police officer, and therefore was acting under color of state law for the purpose of § 1983, when he made a call from his barracks reporting a potentially dangerous situation to a local police department) with D.T. v. Independent School Dist., 894 F.2d 1176 (10th Cir. 1990) (finding sexual molestation of students by public school teacher/coach that occurred on an excursion unconnected to school activities during school vacation period when teacher was not employed by the school district did not occur under color of state law).

9

"color of state law" when he assaulted Plaintiff, and, thus, her § 1983 claim against him may proceed.

      b. <u>Count III: Plaintiff's Claim Pursuant to 18 U.S.C. § 2255(a)</u>

Plaintiff also seeks damages and attorneys' fees against Defendant Longo pursuant to 18 U.S.C. § 2255(a), which provides, in relevant part:

> Any person who, while a minor, was a victim of a violation of section . . . 2251 . . . and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

Here, as Plaintiff alleges, Defendant Longo pled guilty to violating 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) and 18 U.S.C. § 2(a), that is, one count of aiding, abetting, inducing and procuring another adult to produce material depicting the sexual exploitation of a minor, and Plaintiff was identified as the minor child depicted in this material. (<u>Id.</u> ¶ 31). Thus, based on these allegations alone, it would appear that Plaintiff may seek actual damages and the cost of bringing her lawsuit pursuant to § 2255(a).

In his Motion to Dismiss, Defendant Longo argues that Count III should be dismissed because Plaintiff seeks restitution under § 2255(a) based on the sexual assaults he committed rather than on his transmission of child pornography. However, in her briefing, Plaintiff clarified that "Plaintiff claims relief under 18 U.S.C.A. § 2255(a) as a result of Defendant Longo's violation of 18 U.S.C.A. § 2251(a), not for the assaults committed by Defendant Longo at Defendant Turnpike's facility." (Doc. 23 at 5). Because Plaintiff alleges that she was the minor victim of a violation of § 2251(a), she may seek damages and costs from Defendant Longo under § 2255(a). Thus, the Court will deny Defendant Longo's motion to dismiss Count III of the Amended Complaint.

### c. Counts IV and V: Plaintiff's State Law Claims Against Defendant Longo

Counts IV and V of the Amended Complaint assert state law claims against Defendant Longo for assault and battery and intentional infliction of emotion distress. (Doc. 11 ¶¶ 62-76). Defendant Longo argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because she purportedly failed to allege a valid constitutional claim against him in Count I of her Amended Complaint. However, for the reasons state above, the Court finds that Plaintiff has alleged viable federal claims against Defendant Longo in both Counts I and II of the Amended Complaint. Thus, the Court will exercise supplemental jurisdiction over her state law claims, which plainly "derive from a common nucleus of operative facts" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988).

## II. ORDER

For the reasons stated above, Defendant Turnpike's Motion to Dismiss (**Doc. 17**) is GRANTED and Defendant Longo's Motion to Dismiss (**Doc. 19**) is DENIED. Consistent with the foregoing, the Court hereby DISMISSES WITHOUT PREJUDICE Counts I and II of the Complaint against Defendant Turnpike.

If Plaintiff wishes to file a Second Amended Complaint, she must do so on or before March 15, 2017. Defendants must answer or otherwise plead fourteen (14) days thereafter. Should no Second Amended Complaint be filed by March 15th, the Court will assume that Plaintiff intends to pursue her claims solely against Defendant Longo.

IT IS SO ORDERED.


March 1, 2017                                             s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge


CC (via ECF email notification):

All Counsel of Record